HONORABLE STANLEY A. BASTIAN

CARL P. WARRING, #27164
SCOTT A. FLAGE, #43183
ANDREW D. BROWN, #58477
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants

IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

WADE and TERESA KING; d/b/a KING RANCH,

Plaintiffs,

v.

HILARY FRANZ, in both her official, individual, and supervisory capacity as Commissioner of Public Lands, STATE OF WASHINGTON DEPARTMENT OF NATURAL RESOURCES ("DNR"); TODD WELKER, Deputy Supervisor of State Uplands for DNR, in his official, individual, and supervisory capacity; RHETTA CYPERT, Southeast Region Agriculture Program Manager for DNR, in her official, individual, and supervisory capacity; LAURA WATSON, in her official, individual, and supervisory capacity as Director, STATE OF WASHINGTON DEPARTMENT OF ECOLOGY ("Ecology"); JEREMY SIKES, in both his official, individual,

Cause No. 2:24-cv-00428-SAB

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY DEMAND**



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

and supervisory capacity as Investigator and Section Manager, Eastern Regional Office for Ecology;

Defendant.

## I. NATURE OF THE ACTION

1. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). Therefore, no answer is required.
2. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). Therefore, no answer is required.
3. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). Therefore, no answer is required.

## II. PARTIES

4. Admitted in part, denied in part. Defendants admit the Plaintiffs own real property and previously leased real property in Grant and Douglas counties. Defendants further admit the Plaintiffs are citizens of the United States and residents of the State of Washington. Any allegation or inference from an allegation not specifically admitted is denied.
5. Admitted in part, denied in part. Defendants admit the allegation is a description of the various capacities for which they have named Defendant Franz as a defendant in this litigation. Any allegation or inference from an allegation not specifically admitted is denied.
6. Admitted in part, denied in part. Defendants admit the allegation is a description of the various capacities for which they have named Defendant



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Watson as a defendant in this litigation. Any allegation or inference from an allegation not specifically admitted is denied.

7. Admitted in part, denied in part. Defendants admit the allegation is a description of the various capacities for which they have named Defendant Welker as a defendant in this litigation. Any allegation or inference from an allegation not specifically admitted is denied.
8. Admitted in part, denied in part. Defendants admit the allegation is a description of the various capacities for which they have named Defendant Cypert as a defendant in this litigation. Any allegation or inference from an allegation not specifically admitted is denied.
9. Admitted in part, denied in part. Defendants admit the allegation is a description of the various capacities for which they have named Defendant Sikes as a defendant in this litigation. Any allegation or inference from an allegation not specifically admitted is denied.
10. Denied.
11. Denied.
12. Denied.
13. Denied.

## III. JURISDICTION AND VENUE

14. The allegation calls for conclusions of law and therefore no answer is required.
15. The allegation calls for conclusions of law and therefore no answer is required.

## IV. FACTUAL ALLEGATIONS

16. Admitted in part, denied in part. Defendants admit the Plaintiffs own and operate King Ranch. Defendants are without sufficient information to form a belief as to the remainder of the allegation and therefore deny the



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

same.

17. Admitted in part, denied in part. Defendants admit the Plaintiffs previously leased land from the Washington State Department of Natural Resources, among others, for their business operations. Any allegation or inference from an allegation not specifically admitted is denied.

18. Admitted.

19. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the individually named Defendants are without sufficient information to form a belief as to the truth of the matters asserted and therefore deny the same.

20. Admitted in part, denied in part. Defendants admit that Plaintiffs' for-profit business operation involves arid grazing lands. The individually named Defendants are without sufficient information to form a belief as to the truth of the remainder of the allegation and therefore deny the same.

21. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the individually named Defendants are without sufficient information to form a belief as to the truth of the matters asserted and therefore deny the same.

22. Admitted in part, denied in part. Defendants do not dispute that Plaintiffs' for-profit business activities have involved labor and expenses, but the individually named Defendants are without sufficient information to determine the truth of the remainder of the allegation and therefore deny the same.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

23. Admitted in part, denied in part. Defendants admit the Plaintiffs' own and operate King Ranch, a for-profit business that includes livestock operations. The individually named Defendants are without sufficient information to determine the truth of the remainder of the allegation and therefore deny the same.
24. Admitted in part, denied in part. Defendants admit that Plaintiffs' business operations have included the renewal of grazing rights through successive leases. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required.
25. Defendants are without sufficient information to form a belief as to the truth of the allegation and therefore deny the same.
26. Admitted in part, denied in part. Defendants admit in February 2021 a private citizen contacted a governmental entity and reported a concern about potentially destructive activity on land leased by the Plaintiffs. The report came to the attention of the Washington State Departments of Natural Resources and Ecology some months later. Any allegation or inference from an allegation not specifically admitted is denied.
27. Admitted in part, denied in part. Defendants admit that the Washington State Department of Ecology, after being advised of the potentially destructive activity on leased land, investigated. The investigation ultimately concluded activities carried on by the Plaintiffs violated Washington law. Any allegation or inference from an allegation not specifically admitted is denied.
28. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

answer is deemed necessary, the allegation is denied.

29. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the argumentative narrative is denied.

30. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the argumentative narrative is denied.

31. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

32. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the allegation is denied.

33. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

deemed necessary, the remainder of the allegation is denied.

34. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

35. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the allegation is denied.

36. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

37. Admitted in part, denied in part. Defendants admit that the Washington State Department of Ecology engaged with the Environmental Protection Division of the Attorney General's Office regarding Plaintiffs' illegal and destructive activities. Any allegation or inference from an allegation not specifically admitted is denied.

38. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

39. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

40. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

41. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

42. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

43. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

44. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

45. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

46. Admitted in part, denied in part. Defendants admit that the Department of Ecology engaged with other interested units of government regarding the Plaintiffs' illegal and destructive activities. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). It is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the remainder of the allegation is denied.

47. The allegation is not a short and plain statement of the claim showing that



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. It is also an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself and deny the argumentative narrative.

48. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. It is also an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself and deny the argumentative narrative.

49. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

50. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.

51. Admitted.

52. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

53. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. It is also an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself and deny the argumentative narrative.

54. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from relevant context. It is also an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself and deny the argumentative narrative.

55. Defendants admit the allegation with the correction of the lease number from 10-C566326 to 10-C56326.

56. Admitted.

57. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an excerpt from a document and divorced from its relevant context. The allegation is also an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants answer that the document speaks for itself and deny the argumentative narrative.

58. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

59. Denied.

60. Denied.

61. Denied.

62. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

63. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

64. Admitted in part, denied in part. Defendants admit the Kings have requested a meeting with former Commissioner Franz. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The remainder of the allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

65. Admitted in part, denied in part. Defendants admit the Kings have requested a meeting with former Director Watson. The remainder of the allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The remainder of the allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

66. Denied.
67. Admitted in part, denied in part. Defendants admit that King Ranch utilizes stock watering in its business operations. The remainder of the allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.
68. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.
69. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.
70. Denied.
71. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.
72. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.



EVANS, CRAVEN
& LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

73. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

74. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

75. The allegation is not a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(3). The allegation is an argumentative narrative. Therefore, no answer is required. To the extent an answer is deemed necessary, the Defendants deny the argumentative narrative.

76. Admitted in part, denied in part. Defendants admit the Kings brought an action in Grant County Superior Court. The posture of that pending litigation speaks for itself. Any allegation or inference from an allegation not specifically admitted is denied.

77. Admitted in part, denied in part. Defendants admit the Kings brought an action in Grant County Superior Court. The posture of that pending litigation speaks for itself. Any allegation or inference from an allegation not specifically admitted is denied.

78. Admitted in part, denied in part. Defendants admit the Kings sought interlocutory review of decisions made by the Grant County Superior Court. The posture of that appeal speaks for itself. Any allegation or inference from an allegation not specifically admitted is denied.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

79. Denied.

## V. FIRST CAUSE OF ACTION – Unconstitutional Taking of Private Property (Federal)

80. The Defendants incorporate the above and below responses as though fully set forth herein.

81. The allegation calls for a conclusion of law and therefore no answer is required.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## VI. SECOND CAUSE OF ACTION – Unconstitutional Taking of Private Property (State)

92. The Defendants incorporate the above and below responses as though fully set forth herein.

93. The allegation calls for a conclusion of law and therefore no answer is required.

94. Denied.

95. Denied.

96. Denied.

97. Denied.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

## VII. THIRD CAUSE OF ACTION – PROCEDURAL AND SUBSTANTIVE DUE PROCESS

104. The Defendants incorporate the above and below responses as though fully set forth herein.

105. The allegation calls for a conclusion of law and therefore no answer is required.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

## VIII. FOURTH CAUSE OF ACTION – Violation of Equal Protection

119. The Defendants incorporate the above and below responses as



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

though fully set forth herein.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

## IX. FIFTH CAUSE OF ACTION – Violations of the Right of Free Speech and the Right to Petition the Government

127. The Defendants incorporate the above and below responses as though fully set forth herein.

128. The allegation calls for a conclusion of law and therefore no answer is required.

129. Denied.

130. Denied.

131. Denied.

## X. SIXTH CAUSE OF ACTION – Violations of the Right of Freedom and Privacy

132. The Defendants incorporate the above and below responses as though fully set forth herein.

133. The allegation calls for a conclusion of law and therefore no answer is required.

134. The allegation calls for a conclusion of law and therefore no answer is required.

135. Denied.

136. Denied.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

137. Denied.

## XI. SEVENTH CAUSE OF ACTION – Violations of the Right Against Self-Incrimination

138. The Defendants incorporate the above and below responses as though fully set forth herein.

139. The allegation calls for a conclusion of law and therefore no answer is required.

140. Denied.

141. Denied.

142. Denied.

## XII. DAMAGES

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

## XIII. PRAYER FOR RELIEF

The allegations in this section of the Complaint are prayers for relief. The Defendants deny the Plaintiffs are entitled to any relief whatsoever.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## XIV. DEMAND FOR JURY TRIAL

Defendants join in Plaintiffs' demand for a jury trial.

## XV. DEFENSES

By way of further answer, and in addition to the denials of the allegations made by Plaintiffs in support of their causes of action, the Defendants assert the following additional defenses:

1. SERVICE OF PROCESS – that the summons and complaint were never properly served upon one or more of the individual Defendants or that the process served was insufficient.
2. RES JUDICATA – that Plaintiffs' action against the Defendants are barred by the doctrine of res judicata and/or collateral estoppel or will become so barred by virtue of existing state court proceedings.
3. EXHAUSTION OF ADMINISTRATIVE REMEDIES – that Plaintiffs failed to exhaust administrative remedies therefore the action will not lie.
4. COMPARATIVE FAULT – that the injuries and damages, if any, claimed by the Plaintiffs in their state law claims were proximately caused or contributed to by the fault of Plaintiffs as defined by RCW 4.22.015.
5. ILLEGALITY – that the actions of the Plaintiffs were illegal and therefore their causes of action against the Defendants are barred.
6. ELEVENTH AMENDMENT IMMUNITY - that the Defendant State of Washington, its agencies and agents sued in their official capacity, are not subject to civil suit for damages under the Eleventh Amendment of the Constitution of the United States.
7. QUASI-JUDICIAL and/or QUASI-PROSECUTORIAL IMMUNITY – that the enforcement actions taken by the Defendants are entitled to quasi-judicial and/or quasi-prosecutorial immunity.



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

8. QUALIFIED IMMUNITY – that the claims alleged under 42 U.S.C. § 1983 against the government employees are barred by the doctrine of qualified immunity.
9. ABSTENTION – that this action should be stayed consistent with doctrines of federal abstention.
10. ROOKER/FELDMAN – that this action is barred by the Rooker/Feldman doctrine or will become so barred upon the completion of state court proceedings.
11. 28 U.S.C. § 2283 – that to the extent the Plaintiffs seek an injunction by the federal court staying any state court proceedings, the injunctive relief is precluded by 28 U.S.C. § 2283.
12. STATUTORY IMMUNITY – that to the extent Plaintiffs' claims are based upon communications by the individual Defendants to state or federal agencies regarding matters of concern to those agencies, the Defendants are immune from suit.
13. TORT CLAIM DEFECT – that to the extent Plaintiffs bring a state law cause of action for alleged violations of the Washington State Constitution, or other Washington law, the claims are barred by RCW 4.92 *et. seq.*

WHEREFORE, Defendants pray that Plaintiffs' complaint be dismissed with prejudice and that Plaintiffs take nothing by their complaint and that Defendants be allowed their costs and reasonable attorney fees herein.

//////



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

DATED this 8th day of April, 2025.

EVANS, CRAVEN & LACKIE, P.S.

By: *s/ Carl P. Warring*

CARL P. WARRING, WSBA #27164
SCOTT A. FLAGE, WSBA #43183
ANDREW D. BROWN, WSBA #58477
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants



EVANS, CRAVEN & LACKIE, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8th, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Duncan M. Greene: dmg@vnf.com
Nicholas E Power: nickedpower@gmail.com
James Pierson Grifo: jpg@grifolaw.com
Toni Meacham: ToniPierson@Rocketmail.com

s/ *Carl P. Warring*

CARL P. WARRING, WSBA #27164
SCOTT A. FLAGE, WSBA #43183
ANDREW D. BROWN, WSBA #58477
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Defendants
CWarring@ecl-law.com
sflage@ecl-law.com
abrown@ecl-law.com